UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | |
|---|---|
| **MICHAEL METZGER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MICHAEL METZGER, by and through his attorneys, KRALOVEC, JAMBOIS & SCHWARTZ, and complaining of the Defendant, UNITED STATES OF AMERICA (hereinafter "USA"), states as follows:

### I. Preliminary Statement

1. Plaintiff, MICHAEL METZGER, files this action against the USA for the medical negligence/general negligence of its agents and/or employees at Veterans Affairs Hospital (Illiana Health Care System) which proximately caused significant personal injury to MICHAEL METZGER.

2. On June 24, 2013, Plaintiff presented a medical negligence/general negligence claim to the Department of Veterans Affairs pursuant to the provisions of the Federal Tort Claims Act, Title 28 USC §1346(b), 2671-2680, alleging liability of the United States Government. See attached Exhibit A.

3. On January 7, 2014, the United State Government communicated a denial of the claim.

4. The cause of action in this Complaint is the same cause of action contained in the claim to the Department of Veterans Affairs.

### II. Jurisdiction & Venue

5.      The Court has jurisdiction of the action pursuant to 28 U.S.C. Section 1346 and 2671, et seq.

6.      Venue is proper under 28 U.S.C. Section 1402(b).

### III. The Parties

7.      Plaintiff, MICHAEL METZGER, at all relevant times, was a resident of the State of Illinois.

8.      USA, through the Department of Veterans Affairs, maintains Veterans Affairs Hospital (Illiana Health Care System), located in Danville, Vermillion County, Illinois.

### IV. Factual Allegations

9.      At all times relevant times hereto, USA by and through its agents, servants and/or employees, operated a health care facility located in the City of Danville, Vermillion County, State of Illinois, employing various health care professionals and offering medical services, including but not limited to diagnosis, treatment, and consults to veterans and to MICHAEL METZGER.

10.     On and subsequent to January 9, 2012, MICHAEL METZGER was accepted by the Defendant, by and through its agents, servants and/or employees, including but not limited to Dr. Yan-Ho Liem, in its custody and undertook to provide medical care and treatment to MICHAEL METZGER.

11.     On January 9, 2012, MICHAEL METZGER presented to Dr. Yan-Ho Liem at the VA Illiana Health Care System to undergo a lumbar epidural steroid injection for his lower back.

12.     On January 9, 2012, Dr. Yan-Ho Liem performed a lumbar epidural steroid injection without the use of fluoroscopy.

13.     On January 10, 2012, MICHAEL METZGER presented to the VA Illiana Health Care System Emergency Room with complaints of pain radiating through his lower body.

14.     On January 11, 2012, MICHAEL METZGER returned to Dr. Yan-Ho Liem's office for

follow up. Dr. Yan-Ho Liem ordered a lumbar MRI and acupuncture treatment.

15.    In March of 2012, MICHAEL METZGER was given a TENS unit for his continued pain complaints.

16.    On June 13, 2012, MICHAEL METZGER was seen by spinal surgeon, Ra'Kerry K. Rahman, M.D. at SIU Healthcare. Dr. Ra'Kerry K. Rahman diagnosed lumbar radiculopathy and ordered physical therapy.

17.    Due to MICHAEL METZGER's continued pain complaints, Dr. Ra'Kerry K. Rahman recommended that MICHAEL METZGER undergo a selective nerve root block on the right side at L5 to confirm the source of his pain and undergo an EMG study.

18.    On October 25, 2012, the EMG confirmed that MICHAEL METZGER had developed right L5 and S1 radiculopathy.

19.    At all times relevant hereto, there existed a duty on the part of the Defendant, USA, by and through its agents, servants and/or employees, to possess and apply the skill and knowledge of a reasonably well-qualified medical provider, to provide and employ adequate medical care and treatment for its patients, and to treat MICHAEL METZGER in a manner which equaled or exceeded the applicable standard of care.

20.    Disregarding its duty, Defendant, USA, by and through its agents, servants and/or employees, were guilty of one or more of the following acts or omissions:

    a.    Failed to properly perform the January 9, 2012 epidural steroid injection;

    b.    Performed the January 9, 2012 epidural steroid injection without fluoroscopic guidance; and

    c.    Improperly made contact with or injected into the distal spinal cord or an exiting nerve root during the January 9, 2012 epidural steroid injection.

21.     As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions on the part of the Defendant, USA, by and through its agents, servants and/or employees, MICHAEL METZGER sustained permanent injuries including radiculopathy in his lower back.

22.     As a result of the Defendant's negligent acts, MICHAEL METZGER has incurred medical bills, endured pain and suffering, loss of normal life, disability, disfigurement, and a loss of income.

23.     Plaintiff attaches hereto, in Exhibit B, a copy of a report from a physician which states that MICHAEL METZGER was provided negligent treatment which caused permanent injury and that there is a meritorious claim against the USA for negligence.

WHEREFORE, the Plaintiff, MICHAEL METZGER, prays for judgment against the Defendant, USA, in the amount of $5,000,000.00, as this will fairly and adequately compensate him for the losses alleged above.

> s/ Laurie A. Niego
> Laurie A. Niego
> ARDC # 6293475
> Attorney for Plaintiff
> KRALOVEC, JAMBOIS & SCWHARTZ
> 60 W. Randolph, 4th Floor
> Chicago, Illinois 60601
> Telephone: 312-782-2525
> Fax: 312-855-0068
> lniego@kjs-law.com

I hereby certify that on July 6, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.